IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER JOHNSON, #Y56864,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BRYANT D. MILLER, and MIRAMONY RAYBURN,<br><br>　　　　　　Defendants. | Case No. 23-cv-02746-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　Plaintiff Christopher Johnson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Robinson Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

　　Plaintiff alleges that on April 29, 2023, he informed staff at Robinson Correctional Center (Robinson) that he did not feel safe because he was being threatened. (Doc. 1, p. 6). Plaintiff was told to "suck it up" by Defendant Bryant Miller. Plaintiff was subsequently attacked by three inmates. His nose was broken, and he has been scheduled for nasal reconstruction surgery. Plaintiff's collar bone was also dislocated during the attack. (*Id.*).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count:

**Count 1:** Eighth Amendment failure to protect claim against Miller and Rayburn.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Count 1 will proceed against Bryant Miller. *See Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (discussing the elements of a failure to protect claim).

Count 1, however, is dismissed as to Miramony Rayburn, a grievance officers at Robinson. Plaintiff does not assert any allegations against Rayburn in the Complaint, and merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Miller but is **DISMISSED without prejudice** as to Rayburn. Because there are no surviving claims against Rayburn, the Clerk of Court is **DIRECTED** to terminate Rayburn as a defendant on the docket. The Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Miller the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

to the defendants' place of employment. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The defendant is **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, the defendant only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   **February 21, 2024**

                                                     *s/Stephen P. McGlynn*
                                                     **STEPHEN P. MCGLYNN**
                                                     **United States District Judge**

**NOTICE TO PLAINTIFF**

      The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.