IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER JOHNSON, #Y56864, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-02746-RJD |
| ) | |
| BRYANT D. MILLER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge[1]:**

This matter comes before the Court on Plaintiff's Motion for Recruitment of Counsel (Doc. 28) and Defendant Miller's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 29). For the reasons set forth below, Plaintiff's motion is DENIED, and Defendant's motion is GRANTED.

**Background**

Plaintiff Christopher Johnson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brought this civil action against Defendants Bryant Miller and Miramony Rayburn pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Robinson Correctional Center ("Robinson"). (Docs. 1 & 15). Plaintiff alleged that on April 29, 2023, he informed staff at Robinson that he did not feel safe because he was being threatened. (Doc. 1, p. 6; Doc. 15, p.1). Plaintiff was allegedly told to "suck

---

[1] This matter has been assigned to the undersigned to conduct any and all proceedings, including trial and final entry of judgment, through the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 24)

it up" by Defendant Miller. (*Id.*). Plaintiff alleged he was subsequently attacked by three inmates (*Id.*). Plaintiff's nose was broken, and he was scheduled for nasal reconstruction surgery. (*Id.*). Plaintiff's collarbone was also dislocated during the attack. (*Id.*). Following the preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on an Eighth Amendment failure to protect claim against Defendant Miller only, while his claim against Defendant Rayburn was dismissed for failure to state a claim. (Doc. 15 at 2).

*Plaintiff's Motion for Recruitment of Counsel (Doc. 28)*

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

First, Plaintiff states in his motion that he has made attempts to obtain counsel on his own, but staff are tampering with his legal mail. (Doc. 28, p. 1). He further alleges that he does not have sufficient funds to pay for his legal correspondence, and he attaches to his motion his Prison Trust Fund, showing a balance of $13.90 as of November 13, 2023. (*Id.* at 4). For purposes of this motion, the Court assumes, without concluding, that due to his limited funds and the alleged tampering with his legal mail, Plaintiff has been effectively precluded from obtaining counsel on his own.

Turning to the second prong of the test, the Court finds that, at this early stage, Plaintiff appears competent to litigate this case himself. Plaintiff, a high school graduate, avers that recruitment of counsel is necessary because he has no legal knowledge and lacks access to video footage and written documents that are necessary for his case. However, those circumstances are not unique to the Plaintiff and do not warrant recruitment of counsel. At this stage, litigation is limited to the exchange of the parties' initial disclosures in accordance with this Court's Initial Scheduling Order (Doc. 26) for the purpose of resolving the issue of exhaustion of administrative remedies. Defendant has been ordered to provide Plaintiff with all the necessary documents for this stage, including Plaintiff's grievance history. Further, Plaintiff has filed a complaint that survived the Court's preliminary review (Doc. 15), and his filings thus far demonstrate his ability to effectively communicate with the Court. (Docs. 28, 30, 31, 32 & 38). In his motion, Plaintiff further lists the medication he receives for mental health issues and seizures but does not argue that said medication and health issues affect his ability to litigate this case on his own. Because the Court finds that, at this early stage, Plaintiff appears competent to litigate this case himself, his Motion for Recruitment of Counsel (Doc. 28) is **DENIED**.

*Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 29)*

Defendant Miller filed a motion seeking summary judgment on the issue of exhaustion of administrative remedies. (Doc. 29). Along with his Motion, Defendant filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to the motion within thirty days and advising him of the perils of failing to respond. (Doc. 30). Plaintiff did not file a response. In his Complaint, which was verified, Plaintiff indicated he submitted a grievance concerning the issues in this lawsuit three months prior to filing the Complaint but did not receive a response. (Doc. 1,

p. 4). Plaintiff further attached to the Complaint a copy of his IDOC Counseling Summary showing that he filed Grievance #500-6-23, dated June 21, 2023, for "ODR 4/29/2023," which was forwarded to the grievance officer for response. (*Id.* at 9). Neither the body of the grievance nor any response to it are attached to the Complaint. As Plaintiff did not file a response to Defendant's motion for summary judgment, despite having ample time and opportunity to do so, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

Based on the undisputed Statement of Material Facts, Plaintiff's relevant grievance history is as follows.[2] Defendant wrote Plaintiff a ticket, #202300311/1-ROB, for fighting on May 1, 2023. (Doc. 29, p. 2; Doc. 29-1, p. 3). Ticket #202300311/1-ROB was heard by the adjustment committee on May 5, 2023, and Plaintiff pled guilty to fighting and was given 1 month of C-grade and 7 days of segregation. (Doc. 29, p. 2; Doc. 29-1, p. 1). Plaintiff wrote Grievance #500-6-23 on or about June 21, 2023, that related to ticket #202300311/1-ROB written by Defendant. (Doc. 29, p. 2; Doc. 29-2, pp. 34-35). In Grievance #500-6-23, Plaintiff stated he did not believe it was proper for him to be punished for ticket #202300311/1-ROB and another ticket that related to the same incident. (*Id.*). Grievance #500-6-23 does not contain any complaints or allegations that Defendant Miller failed to protect Plaintiff. (Doc. 29, p. 3; Doc. 29-2, pp. 34-35). Plaintiff's Grievance Officer responded to Grievance #500-6-23 on June 22, 2023. (Doc. 29, p. 3; Doc. 29-2, pp. 32-33). The Chief Administrative Officer concurred with the grievance officer's recommendation on August 24, 2023. (*Id.*). Plaintiff appealed Grievance #500-6-23 on September 5, 2023, and the ARB reviewed it and denied the appeal on December 18, 2023. (Doc. 29, p. 3;

---

[2] Pursuant to Local Rule 56.1, "[a]ll material facts set forth in a Statement of Material Facts . . . shall be deemed admitted for purposes of summary judgment unless specifically disputed." SDIL-LR 56.1(g).

Doc. 29-2, p. 31).   Plaintiff did not file any other grievance regarding his allegations against Defendant.  (Doc. 29, p. 3; Doc. 29-2, Doc. 29-3).

## Legal Standards

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catlett*, 477 U.S. 317, 322(1986).  The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248).  In considering a summary judgment motion, the district court views the facts in the light most favorable to and draws all reasonable inferences in favor of the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).  While courts generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust."  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal*, 745 F. 3d 232, 236 (7th Cir. 2014).

*Exhaustion Requirement*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board ("ARB") for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director, who shall review the same and make a final determination within six months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the ARB, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

While the Seventh Circuit requires strict adherence to the exhaustion requirement, an inmate is required to exhaust only those administrative remedies that are available to him, meaning procedures they are "capable of use to obtain some relief for the action complained of." *Wallace v. Baldwin*, 55 F.4th 535, 542 (7th Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 643, 136 S.Ct. 1850, 195 L.Ed.2d 117 (2016)) (internal quotation marks omitted). The Supreme Court has recognized three categories of practically unavailable administrative remedies. *Id.* First, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* (citing *Ross*, 578 U.S. at 643–44, 136 S.Ct. 1850). Second, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* Finally, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Administrative remedies also become "unavailable" when prison officials "do not respond to a properly filed grievance or otherwise use affirmative

misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809. The Seventh Circuit has cautioned, however, that the "unavailable" exception is meant to be narrow. *Wallace*, 55 F.4th at 543.

## Discussion

Based on the record, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to initiating this action. First, Grievance #500-6-23 did not become fully exhausted until its review by the ARB on December 18, 2023, six months after Plaintiff had filed the Complaint. *See Pozo*, 286 F.3d at 1024 (exhaustion must be completed, and it must be done *properly*, prior to bringing suit in federal court); *Perez*, 182 F.3d at 535 (exhaustion of administrative remedies a precondition to filing suit; Section 1997e(a)). Additionally, even assuming Plaintiff had properly followed all procedural steps as to Grievance #500-6-23 prior to initiating this action, there is not sufficient information therein to alert the institution to Plaintiff's Eighth Amendment claim of failure to protect.

Plaintiff stated in his grievance that on April 29, 2023, while still in Robinson, he was involved in a fight, for which he was placed in segregation between April 30, 2023, and May 13, 2023. (Doc. 29-2, pp. 34-35). Plaintiff grieved that, thereafter, he was given a second ticket for the same fight, and he asked the correctional officers to investigate that issue. (*Id.*). The grievance did not make any reference to Defendant Miller by name or description. (*Id.*). It further did not contain any allegation that Plaintiff was receiving threats prior to the fight or that he advised any correctional officer of said threats. (*Id.*). In short, Grievance #500-6-23, which is the grievance Plaintiff references in his verified Complaint as the one satisfying the requirement for exhaustion of administrative remedies, is void of any information related to Plaintiff's Eighth Amendment

claim for failure to protect. Accordingly, Grievance #500-6-23 did not exhaust Plaintiff's administrative remedies. Further, none of the remaining grievances contained in Plaintiff's grievance history appear to be relevant to this action. Therefore, the Court concludes that Plaintiff failed to exhaust his administrative remedies prior to initiating this action, and, thus, Defendant is entitled to judgment in his favor as a matter of law.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 28) is **DENIED**, and Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 29) is **GRANTED**. This matter is **DISMISSED** without prejudice, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 2, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**